<hr />

### LYMAN BELKNAP *vs.* DANIEL STONE & another.

An application to this court for relief in equity, which does not contain a prayer for process to be served on the defendant, or conclude with a general interrogatory, may be regarded as a bill; and, if properly amended, relief may be granted upon it.

AN APPLICATION addressed to the justices of this court, dated and filed March 26 1860, representing that the defendant Stone, and Stone his partner, doing business under the firm of Daniel Stone & Co., are indebted to the plaintiff; that he is unable to find any property of the firm, or of either partner, which can be reached by attachment; that the defendant Stone, at the last

term of the superior court for the county of Suffolk, recovered judgment against the defendant Noah Perrin, for $200 debt and costs of suit; and also, in the same court, recovered a like sum against the same person in a suit in favor of himself and wife; and that he now proposes to take out executions on said judgments and to collect the same of Perrin. The plaintiff prayed relief in equity, and that the defendant Stone, and his agent or attorney, be enjoined from taking out execution on either of the judgments, and that he be ordered to pay over the same, or so much thereof as might be necessary to satisfy the plaintiff's claim; and concluded with a prayer for such further relief as the nature of the case should require. The application did not contain any prayer for process to be served on the defendant, or conclude with a general interrogatory.

The defendant Stone filed a statement in writing, alleging that the petition ought to be dismissed, because the statute regulating proceedings of this character expressly provides that they shall be by bill in equity; and further averring that, on the 16th of March 1860, he obtained a verdict in each of his actions against Perrin for the sum of $200 and costs; and the further averments and proceedings in the case were the same as in the preceding case of *Rice* v. *Stone, ante,* 566.

*W. Brigham,* for the plaintiff.

*G. H. Preston,* for the defendants.

CHAPMAN, J. It is objected that the plaintiff is not entitled to recover, because he has brought his suit by petition and not by bill. The *St.* of 1851, *c.* 206, requires that the proceeding shall be by bill. The institution of suits in equity by petition seems to have been first mentioned in the insolvency act of 1838, *c.* 163. By *St.* 1855, *c.* 194, § 2, it is provided that, when relief is sought in equity, the material facts and circumstances relied on shall be stated with brevity, omitting all immaterial and irrelevant matter, either in the form of a bill or petition to the court, or in a declaration in an action of contract. By *St.* 1856, *c.* 38, this provision is repealed, and suits in equity are required to be commenced by bill or writ of attachment. It is not clear what was the distinction contemplated by the legislature between a

bill and a petition. In chancery proceedings, a petition is usually an interlocutory proceeding for an order of course, or some special matter, or sometimes for a collateral purpose. The service, proceedings and orders upon it are less formal than upon a bill. On inspection of the record in this case, we find what must be regarded as a bill, though it is loose and imperfect. It is addressed to the court, and sets forth the debt of the defendant Stone; the plaintiff's inability to find property that can be reached by process of attachment; the judgment of Stone against Perrin, and the intention of Stone to collect the judgment. It prays for relief generally; and also prays specially for an injunction, and for a decree that the amount of his debt may be paid to him. It contains the usual signature of the plaintiff and his solicitor. But the statement of the plaintiff's case is not very explicit, and the conclusion is not such as the fourth rule of court requires. Nor is there any distinct prayer for process.

The defendants have answered to the bill, and have omitted to notice such defects of form as they might have taken advantage of on demurrer, or by answer, according to the twenty-eighth rule. And their appearance is a waiver of defects in respect to the process and the prayer for process. The bill is not so defective as to be void; but sets forth so much that it may be amended and put in the technical form of a bill in equity, conformably to our statutes and rules of court. Upon the plaintiff's payment of the costs of the defendant Adams to this time, he has leave to amend his bill; and he will thereupon be entitled to a decree in his favor, for the reasons stated in the case of Rice against these defendants, *ante*, 566.